UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**KENNI RAYMON ALONZO,**

    Movant

v.                                             CIVIL ACTION NO. 2:02-1456
                                                  (Criminal No. 2:00-00130-01)

**UNITED STATES OF AMERICA,**

    Respondent


MEMORANDUM OPINION AND ORDER

       Pending are movant's motions (1) pursuant to 28 U.S.C. § 2255, filed December 18, 2002, and (2) for an order requiring the government to answer, filed January 4, 2006.

       Movant seeks the vacatur, set aside, or correction of his sentence of 420 months, which was imposed following his convictions at trial for (1) conspiracy to distribute more than fifty grams of cocaine base (Count I), (2) distribution of cocaine base (Count V), and (3) using, carrying, and possessing a firearm during and in relation to a drug trafficking crime (Count VI), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 18 U.S.C. § 924(c) respectively.  Movant's direct appeal was unsuccessful.

Movant asserts two grounds for relief.  First, he contends his conviction as to Count I was procured through the knowing use of perjured testimony by witness Ronald Copeland.  Second, he asserts he was provided ineffective assistance of counsel as a result of his lawyer's failure to raise any objection at trial, post-trial, at sentencing, or on direct appeal, to the putatively perjured testimony.

The court received the proposed findings and recommendation of the United States Magistrate Judge filed on June 4, 2003, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  On June 17, 2003, movant objected.  The movant objects on the grounds that the proposed findings and recommendation (1) omitted consideration of all "Evidentiary Facts Necessary To A Proper Determination of the Issue" (Mov.'s Objecs. at 1), (2) omitted consideration of the requirement that a prosecutor has an affirmative duty to correct perjured testimony, (3) erroneously concluded that the alleged perjured testimony was immaterial, (4) erred in finding counsel did not render ineffective assistance, and (5) failed to make a finding as to movant's claim counsel was ineffective for failure to raise the perjury issue post-trial, at sentencing, or on direct appeal.

I.

The court adopts the magistrate judge's brief recitation of the facts and procedural history.

In view of the nature of movant's objections, the court has reviewed the quoted portions of the trial transcript contained in both movant's lengthy memorandum supporting his section 2255 motion and his objections. The perjury allegation appears to be based solely upon (1) Copeland's conflicting testimony concerning whether he sold controlled substances to advance the conspiracy, and (2) witness Tamaika Burger's testimony suggesting that Copeland participated in the sale of controlled substances.

Movant contends that "[t]he perjurious testimony of . . . Copeland could have affected the judgment of the jury, especially as to the drug amounts involved." (Mov.'s Memo. in Supp. at 11). Movant sums up his argument as follows:

> Had the jury known about Copeland's true role in the distribution of crack charged against the defendants; or had the jury known that Copeland's testimony was not credible or that he had committed perjury on the witness stand, "there is a reasonable likelihood" that the jury could have given less weight to his testimony as a whole and rejected the drug amounts he presented. Absent the drug amounts presented by Ronald Copeland, the Government could not have proven a conspiracy "in

>    excess of 50 grams" and so could not have convicted on
>    Count One of the superseding indictment.

(<u>Id.</u> at 24-25).

## II.

Our court of appeals discussed the standards governing claims of wrongful conviction by use of perjured testimony in <u>United States v. Griley</u>, 814 F.2d 967 (4th Cir. 1987):

>    In some situations, the government's use of false
>    testimony to obtain a conviction may violate the
>    fourteenth amendment's due process clause. Before a
>    constitutional violation is found, however, certain
>    conditions must be present. Generally, due process is
>    denied if the government knowingly uses perjured
>    testimony against the accused to obtain a conviction.
>    The government does not have to solicit the false
>    evidence; it is enough if the government allows the
>    evidence to go uncorrected when it surfaces.
>
>    The burden of establishing Moran's perjury
>    presents the greatest stumbling block for Griley. A
>    defendant seeking to vacate a conviction based on
>    perjured testimony must show that the testimony was,
>    indeed, perjured.  Mere inconsistencies in testimony by
>    government witnesses do not establish the government's
>    knowing use of false testimony.

<u>Id.</u> at 971-72.

Movant has not made the requisite showing under <u>Griley</u>. At a minimum, he has failed to show the government knowingly used perjured testimony.  Although the movant does note

4

inconsistencies in Copeland's testimony, inconsistencies alone do not lead ineluctably to knowing use by the government of false testimony.

Movant's failure on this critical point is also fatal to his claim of ineffective assistance of counsel.  For counsel's performance to be found constitutionally infirm, movant is required to demonstrate that it was "'deficient,' and that this 'deficient performance prejudiced the defense.'"  Vinson v. True, No. 04-29, 2005 WL 3724917, at *3 (4th Cir. Feb. 1, 2006) (quoted authority omitted).  Inasmuch as the allegation of perjury arises merely from inconsistent trial testimony, counsel did not act deficiently in failing to raise it at any point in the proceeding.  As noted, testimonial inconsistencies alone do not amount to perjury.

Based upon the foregoing and the proposed findings and recommendation of the Magistrate Judge, which are hereby adopted and incorporated herein, the court concludes that the section 2255 motion should be denied.  The magistrate judge having earlier found that the United States was not required to file an answer, the court further ORDERS that the motion seeking an order requiring the government to answer be, and it hereby is, denied.

III.

It is, accordingly, ORDERED that the movant's motion pursuant to 28 U.S.C. § 2255 be, and it hereby is, denied.  The court further ORDERS that this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

ENTER: February 27, 2006

John T. Copenhaver, Jr.
United States District Judge